IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT B. THOMPSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. AW-09-297 |
| | * | |
| STATE OF MARYLAND | * | |
| DEPARTMENT OF TRANSPORTATION, | * | |
| *et al.*, | * | |
| | * | |
| Defendants. | * | |

*********************************************************************

**<u>MEMORANDUM OPINION</u>**

Plaintiff Robert B. Thompson brings this action against Defendants, the Maryland Transportation Authority ("MdTA"), MdTA Officer Badge number 0701, and three unnamed MdTA officers alleging claims under state tort law, the Maryland Declaration of Rights, and 42 U.S.C. § 1983 (2006). Currently pending before the Court is Defendants' Motion to Dismiss (Doc. No. 9). The Court has reviewed the entire record with respect to the instant motion. The issues have been briefed, and no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated below, the Court will GRANT Defendants' motion with leave to amend.

**I.  FACTUAL & PROCEDURAL BACKGROUND**

The following facts are taken from the Complaint and are construed in the light most favorable to Plaintiff. Plaintiff and his son were traveling on United States Highway Route 50 in Maryland when Defendant officers stopped Plaintiff's car for an alleged traffic violation. (Compl. ¶¶ 8-10, 14.) Upon obtaining identification from Plaintiff and his son, the officers

1

alleged that Plaintiff's son had outstanding warrants. (*Id.* ¶¶ 12, 15.) Subsequently, Plaintiff's son was handcuffed and arrested. (*Id.* ¶ 15.) The officers then ordered Plaintiff out of the vehicle and searched Plaintiff's person and vehicle without his consent. (*Id.* ¶¶ 15-16.) Plaintiff was then informed that the son had an outstanding warrant for possession of cocaine, which also stated that the son was armed and dangerous. (*Id.* ¶ 16.) After the search produced no evidence related to the arrest or any weapons, and following additional questioning, the officers released the son,[1] told Plaintiff he was free to leave, and issued him a warning for the traffic citation. (*Id.* ¶ 17.)

Plaintiff filed the complaint on February 9, 2009. On September 9, 2009, Defendants filed a Motion to Dismiss (Doc. No. 9) pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) claiming immunity from suit in federal court under the Eleventh Amendment,[2] the inapplicability of § 1983 to Defendants, state sovereign immunity for the state tort and constitutional claims, and failure to state a claim on which relief can be granted. Plaintiff's Memorandum in Opposition (Doc. No. 14) admitted that state sovereign immunity barred his state claims due to a failure to comply with state procedural requirements.[3] Plaintiff, however, still asserted his federal constitutional claims under § 1983, but did not address Defendants' assertion of Eleventh Amendment immunity, nor did he counter the arguments for failure to state a claim. (*Id.*; *see also* Doc. No. 15.) Finally, in a reply to Plaintiff's Memorandum in Opposition (Doc. No. 15), Defendants reiterated their assertions of Eleventh Amendment immunity, § 1983's inapplicability to themselves, and Plaintiff's failure to state a claim on which relief can be

---

[1] The officers and the state allege the warrant was facially valid. There is, however, no indication from the state in the docket as to why the Plaintiff's son was released after his arrest and the search of Plaintiff's person and vehicle, except for an ambiguous reference to the possibility of mistaken identity.
[2] U.S. Const. amend. XI.
[3] As a result, these claims are dismissed.

granted.

## II. STANDARD OF REVIEW

### 1. Dismissal under Rule 12(b)(1)

As stated previously, Defendants bring their motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). There are two ways to present a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). First, a party may contend "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In this situation, "the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id.* Second, a party may contend that the jurisdictional allegations in the complaint are not true. *Id.* In the latter situation, the Court may conduct an evidentiary hearing and consider matters beyond the allegations in the complaint. *Id.*

### 2. Dismissal under Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In two recent cases, the United States Supreme Court clarified the standard applicable to Rule 12(b)(6) motions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Those cases make

clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3. That showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In its determination, the Court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In addressing a motion to dismiss, a court should first review a complaint to determine what pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949-50. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Indeed, "the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Id.* at 1954. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

### III. ANALYSIS

#### 1. Eleventh Amendment Immunity

Defendants in this § 1983 action are claiming immunity under the Eleventh Amendment. As a general matter, "Eleventh Amendment immunity is not truly a limit on the subject matter jurisdiction of federal courts, but a block on the exercise of that jurisdiction." *Biggs v. Meadows*,

4

66 F.3d 56, 60 (4th Cir. 1995). Whereas suits seeking injunctive relief brought against individuals in their official capacity are not barred by the Eleventh Amendment, *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 n.10 (1989) (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)), the Eleventh Amendment bars claims seeking to impose monetary damages on the state, its agencies, and its officials sued in their official capacity unless the state consents to the suit or Congress clearly "intend[s] to override state immunity. . . ." *Hafer v. Melo*, 502 U.S. 21, 30 (1991); *see also Ballenger v. Owens*, 352 F.3d 842, 844 (4th Cir. 2003) ("Under the Eleventh Amendment, 'a State cannot be sued directly in its own name regardless of the relief sought,' absent consent or permissible congressional abrogation." (quoting *Graham*, 473 U.S. at 167 n.14)); *see also Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 242 (1985) (holding that if Congress intends to upend the "constitutional balance between the States and the Federal Government" it must be "unmistakably clear in the language of the statute.").

Here, Plaintiff is not seeking injunctive relief, nor has the state of Maryland "waive[d] any . . . defense of the State or its units, officials, or employees in an action in a court of the United States . . . that is available under the 11th Amendment to the United States Constitution." Md. Code Ann., State Gov't § 12-103(2) (West 2010). Nor did Congress "intend to override state immunity when it enacted § 1983. . . ." *Hafer*, 502 U.S. at 30. The Court begins its analysis with these standards in mind.

2. **Immunity Under the Eleventh Amendment for, and the Inapplicability of § 1983 to, State Agencies**

Plaintiff's case against the MdTA is barred by the Eleventh Amendment. State agencies, as "arm[s] of the state" acting under the state's control, are entitled to the same immunity the state receives. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).

"Absent waiver, neither a State nor agencies acting under its control may 'be subject to suit in federal court.'" *Id.* (quoting *Welch v. Tex. Dep't. of Highways & Pub. Transp.*, 483 U.S. 468, 480 (1987) (plurality opinion)).

Here, the MdTA—as a wing of the Maryland Department of Transportation, an agency in the State of Maryland entitled to immunity—is clearly not subject to suit under § 1983. *See Kess v. Maryland*, No. Civ. H-00-3134, 2001 WL 85179 (D. Md. Jan. 29, 2001) (holding that the Maryland Department of Transportation is unquestionably an agency of the State of Maryland and that MdTA, "as an agency of the State . . . enjoys the same sovereign immunity as does the State."); *Bugg v. Md. Transp. Auth.*, 358 A.2d 562, 569 (1976) ("It is beyond question that the Maryland Transportation Authority is an agency of the State and as such enjoys the same sovereign immunity as does the State . . . ."). Until Congress abrogates the state's immunity by expanding § 1983's scope to include the states within the class of parties amenable to suit, causes of action against the states and their agencies, such as this one, must be dismissed. Additionally, the MdTA is not a "person" within the meaning of § 1983. *See Will*, 491 U.S. at 65. For the purposes of bringing a private cause of action, the states can never be persons under federal law unless Congress "clearly state[s] its intention to alter the federal balance." *Hafer*, 502 U.S. at 26 (citing *Will*, 491 U.S. at 65) (internal quotations omitted). Accordingly, Defendants' Motion to Dismiss is granted as to the MdTA.

3. **Immunity Under the Eleventh Amendment for, and the Inapplicability of § 1983 to, State Officials Sued in their Official Capacity**

Further, Plaintiff's case against the unnamed officers is also barred. When state officials are sued in their personal capacity, "the Eleventh Amendment does not erect a barrier against suits [brought] . . . under § 1983." *Hafer*, 502 U.S. at 30. In contrast, suits against state officials

in their respective official capacities are treated as suits against the state itself. *See Ballenger*, 352 F.3d at 845 (recognizing immunity for state officials sued in their official capacity) (citation omitted). In *Will*, the Supreme Court confirmed that an official-capacity suit is "not a suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the State itself." *Will*, 491 U.S. at 71; *see also Hafer*, 502 U.S. at 27 ("State officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them. By contrast, officers sued in their personal capacity come to the court as individuals . . . . thus fit[ing] comfortably within the statutory term 'person.'"). Therefore, official-capacity suits against individuals are afforded Eleventh Amendment immunity. *See Ballenger*, 352 F.3d at 844 (dismissing claims against South Carolina state trooper to the extent those claims were brought against the trooper in his official capacity).

The Court is reminded that it must construe a *pro se* complaint liberally and allow a potentially meritorious case to develop. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Fourth Circuit has indicated, particularly when considering a *pro se* complaint, that when there is ambiguity or silence as to what capacity an official is being sued in, "the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine" in what capacity the suit is brought. *Biggs*, 66 F.3d at 61 (construing a *pro se* complaint). But the Fourth Circuit has also noted that this additional consideration "applies only when a plaintiff does not allege capacity specifically." *Amos v. Md. Dep't of Pub. Safety & Corr. Servs.*, 126 F.3d 589, 609 (4th Cir. 1997), *vacated on other grounds by* 524 U.S. 935 (1998) (internal quotations omitted) (holding that since the "face of the complaint" specifically called for suit against state officials in their official capacity, the Eleventh Amendment provided immunity).

Here, Plaintiff's complaint alleges that the unnamed officers are being sued "in their respective official capacities." (Compl. at 1.) Under the standards stated above, Defendant officers, as state officials, enjoy immunity under the Eleventh Amendment and, as a result, this Court's subject matter jurisdiction is barred. Because Defendants are immune under the Eleventh Amendment, and because the states, their agencies, and "[s]tate officers sued for damages in their official capacity are not 'persons' for purposes of" § 1983, *Hafer*, 502 U.S. at 27, this Court will not address the sufficiency of the merits of Plaintiff's constitutional claims at this time. The Court, therefore, grants Defendants' Motion to Dismiss as to the officers.

**4. Leave to Amend**

To the extent the Plaintiff wishes to amend his complaint to bring suit against the officers in their respective *individual* capacities, the Court will grant Plaintiff ten (10) days leave to amend the complaint. The Court reminds Plaintiff of the pleading standards under *Twombly* and *Iqbal*, discussed above. Those cases make clear that specific facts of a plausible claim must be asserted in the complaint. This includes, but is not limited to, the names of the officers the suit is brought against, to the extent known, and the actions of each of those officers.

**IV. CONCLUSION**

For the foregoing reasons, the Court will GRANT Defendants' Motion to Dismiss with ten days leave to amend with the information required above. A separate Order will follow.

|  |  |
|---|---|
| June 14, 2010 | /s/ |
| Date | Alexander Williams, Jr. |
|  | United States District Judge |